UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIS SANCHEZ, in her capacity as Temporary Administrator of THE ESTATE OF CESAR A. SANCHEZ, JR., deceased, the ESTATE OF CESAR A. SANCHEZ, deceased, and MARIS SANCHEZ, individually<br><br>       Plaintiffs,<br><br>     v.<br><br>CITY OF NEW YORK; the NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER ERNESTO SAVALLOS,  individually and in his capacity as an employee of the New York City Police Department and/or the City of New York; THE STATE OF NEW YORK; THE NEW YORK STATE DIVISION OF PAROLE; PAROLE OFFICER B. FELINE, individually and in his capacity as an employee of the New York State Division of Parole and/or the State of New York<br><br>       Defendants. | Civil Action No. 15 - 9940 |

**VERIFIED COMPLAINT FOR
INJUNCTIVE AND OTHER RELIEF
JURY TRIAL DEMANDED**

Plaintiff(s) as and for their Verified Complaint by their attorney, J.A. Sanchez-Dorta, complaining of the Defendants the CITY OF NEW YORK; the NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER ERNESTO SAVALLOS, individually

and in his capacity as an employee of the New York City Police Department and/or the City of New York; THE STATE OF NEW YORK; THE NEW YORK STATE DIVISION OF PAROLE; PAROLE OFFICER B. FELINE, individually and in his capacity as an employee of the New York State Division of Parole and/or the State of New York, allege as follows with all allegations stated upon information and belief:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 42 U.S.C. § 1983.

2. Jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367.

3. Venue is proper in this Court based upon 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. The decedent, CESAR A. SANCHEZ, JR., who resided at 866 Elsemere Place, # 1D, the Bronx, New York 10460, died on September 24th, 2014, and thereafter Plaintiff MARIS SANCHEZ, his mother, was duly appointed temporary administrator of the Estate of Cesar A. Sanchez, Jr., having been so appointed by decree of the Surrogate's Court of the State of New York on December 14, 2015 and Plaintiff, MARIS SANCHEZ, is and is authorized to maintain this action.

5. At all times hereafter mentioned, Plaintiff MARIS SANCHEZ (hereinafter, "Ms. Sanchez") was and still is and an individual residing at 1576 East 17th Street, Brooklyn, New York 11230, and was the mother of the deceased at the time of his death.

6. Defendant CITY OF NEW YORK (hereinafter, the "City") is a municipal corporation duly organized and operating pursuant to the Laws of the State of New York and the New York City Charter.

7. Defendant the NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") is an agency of the City of New York.

8. Defendant the STATE OF NEW YORK (hereinafter, the "State") is a State of the United States of America.

9. Defendant the NEW YORK STATE DIVISION OF PAROLE (hereinafter, "NYPD") is an agency of the State of New York.

10. At all times hereinafter mentioned, Defendant Police Officer Ernesto Sevallos (Tax No. 917406), is a Police Officer with the City of New York.

11. At all times hereinafter mentioned, Defendant New York State Division of Parole Officer B. Feline (NYSID No. 01858518), is a Parole Officer with the State of New York.

## FACTUAL BACKGROUND

1. On September 22, 2014, Maris Sanchez's only son, Cesar Sanchez, was shot by a New York State parolee, Delano Hubert, who had absconded from parole for over a year and a half, and died of his wounds on September 24, 2014.

2. Mr. Sanchez was 20 years old at the time of his murder, and a month after his murder, his mother, Maris Sanchez, received notice that he had been admitted to the City University of New York College of Staten Island.

3. The parolee who murdered Mr. Sanchez, Delano Hubert, was released on parole in 2011 after serving six years in prison for the shooting death of another young man, Joey Lopez.

4. Upon information and belief, Hubert's New York State Division of Parole Officer was B. Feline (NYSID No. 01858518).

5. On November 29, 2012, Hubert was arrested by Police Officer Ernesto Sevallos (Tax No. 917406) for misdemeanor assault.

6. Upon information and belief, Hubert upon his arrest was brought to the 41st Precinct in the Bronx.

7. On January 2, 2013 Hubert was arraigned in the Bronx.

8. Upon information and belief, the New York State Division of Parole was automatically notified of the arrest of Hubert in the Bronx.

9. Hubert's arrest should have triggered a revocation of his parole under the New York State Division of Parole's own regulations, see New York State Parole Handbook Section 8004.2(d)(3).

10. Nevertheless, upon information and belief, Officer Feline and/or the supervising officer of the New York State Division of Parole failed to report Hubert's arrest and failed to revoke his parole, in violation of the New York State Parole Section Handbook.

11. On May 15, 2013, Hubert was registered as delinquent by the New York State Division of Parole.

12. On May 24, 2013, a warrant was put out for Hubert's arrest.

13. Nevertheless, upon information and belief, neither Officer Feline nor the supervising officer of the New York State Division of Parole executed the warrant.

14. Thus, Hubert had absconded from state supervision for approximately one-and-a-half years without any action by the New York City Police Department or the New York State Division of Parole.

15. The New York City Police Department and the New York State Division of Parole were on notice after two transgressions by Hubert to monitor him closely, execute a warrant for his arrest, and revoke his parole, yet they did nothing.

16. As a result, Hubert was provided the opportunity to murder Mr. Sanchez on September 22, 2014.

17. Upon information and belief, Hubert shot and murdered Mr. Sanchez at a location near to the same location where he shot and killed Mr. Lopez, and when he was arrested shortly after the shooting murder of Mr. Sanchez he was at that time at another nearby location he was known to frequent, and thus, Hubert would not have been difficult to locate by the New York City Police Department and/or the New York State Division of Parole if there had been any attempt to execute on the warrant issued for his arrest.

18. Upon information and belief, Hubert has confessed to the murder of Mr. Sanchez, and is currently in state custody on Rikers Island.

19. Upon information and belief, the Bronx District Attorney is prosecuting Hubert to the fullest extent of the law, offering him a sentence of 25 years to life for Mr. Sanchez's murder.

20. Upon information and belief, New York City and New York State, New York City police officers and detectives and New York State parole officers, warrant officers, and supervising officers, acting within the scope of their employment, intentionally, recklessly, grossly negligently and/or negligently, caused the death of Mr. Sanchez by: a) intentionally, recklessly, grossly negligently and/or negligently investigating and processing Hubert's assault charge in 2012; b)

intentionally, recklessly, grossly negligently and/or negligently refusing and/or failing to revoke Hubert's parole in 2012 and 2013; c) intentionally, recklessly, grossly negligently and/or negligently refusing and/or failing to execute a warrant for Hubert's arrest in 2013; d) negligently hiring, training, supervising and retaining its employees.

21. To add insult to injury, when Maris Sanchez inquired, both orally and in writing, regarding the circumstances surrounding her son's death and Hubert's parole and criminal record, she received no cooperation from employees on New York State and New York City, in violation of the New York City Freedom of Information Law.

22. On or about December 19, 2014, and within ninety days after the cause of action herein accrued, there was duly served upon both the City of New York and the State of New York verified Notices of Intention to File a Claim setting forth the nature of this claim thereon, including the time and place where the incident occurred, and the nature and extent of the injuries sustained by the Plaintiff. More than thirty days has elapsed since the Verified Notices of Intention to File a Claim were served. No adjustment or payment has been made. Less than one year and ninety days (in fact, less than one year) have elapsed since the occurrence of said incident upon which this lawsuit is based.

## AS AND FOR A FIRST CAUSE OF ACTION
## WRONGFUL DEATH

23. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby incorporate the same by reference, as if all were set forth fully herein.

24. The acts and/or omissions of the Defendant(s) caused the wrongful death of Mr.

Sanchez, the negligent and intentional inflection of emotional harm suffered by

Plaintiff(s), and other damages suffered by Plaintiff(s).

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

25. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

26. The wrongful death of Mr. Sanchez, the negligent and intentional inflection of

emotional harm suffered by Plaintiff(s), and other damages suffered by

Plaintiff(s), were caused by the negligence of Defendant(s).

## AS AND FOR A THIRD CAUSE OF ACTION
### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

27. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

28. Defendant(s) acts/and or omissions caused the negligent and intentional infliction

of emotional harm upon Plaintiff(s).

## AS AND FOR A FOURTH CAUSE OF ACTION
### NEGLIGENT INVESTIGATION

29. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

30. The wrongful death of Mr. Sanchez, the negligent and intentional inflection of

emotional harm suffered by Plaintiff(s), and other damages suffered by

Plaintiff(s) was caused by the negligent investigations conducted by Defendant(s).

## AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

31. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

    incorporate the same by reference, as if all were set forth fully herein.

32. Defendant(s) negligent hiring, training, supervision and retention of its

    employees caused the wrongful death of Mr. Sanchez, the negligent and

    intentional inflection of emotional harm suffered by Plaintiff(s), and other

    damages suffered by Plaintiff(s).

## AS AND FOR A SIXTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR

33. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

    incorporate the same by reference, as if all were set forth fully herein.

34. Defendant(s) are liable for the acts and/or omissions of the other Defendant(s)

    under the doctrine of *respondeat superior*.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### JOINT AND SEVERAL LIABILITY

35. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

    incorporate the same by reference, as if all were set forth fully herein.

36. The Defendant(s) are jointly and severally liable for all damages suffered by

    Plaintiff(s).

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### OBSTRUCTION OF JUSTICE

37. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

    incorporate the same by reference, as if all were set forth fully herein.

38. The Defendant(s) acts and/or omissions constituted obstruction of justice and caused the wrongful death of Mr. Sanchez, the negligent and intentional inflection of emotional harm suffered by Plaintiff(s), and other damages suffered by Plaintiff(s).

## AS AND FOR A NINTH CAUSE OF ACTION
## FREEDOM OF INFORMATION LAW

39. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby incorporate the same by reference, as if all were set forth fully herein.

40. Defendant(s) have violated the Freedom in Information Law of the State of New York and, thus, Plaintiff(s) have suffered damages and the Court should issue a mandatory injunction requiring the Defendant(s) to provide to Plaintiff(s) the documentation requested by Plaintiff(s), which include "All records in your possession regarding the individual known as Delano Hubert."

## AS AND FOR A TENTH CAUSE OF ACTION
## FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION – 42 U.S.C. SECTION 1983

41. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby incorporate the same by reference, as if all were set forth fully herein.

42. Defendant(s) acts and/or omissions have violated Plaintiff(s) rights pursuant to the First Amendment of the United States Constitution.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION – 42 U.S.C. SECTION 1983

43. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby incorporate the same by reference, as if all were set forth fully herein.

44. Defendant(s) acts and/or omissions have violated Plaintiff's rights pursuant to the

Fifth Amendment of the United States Constitution.

### AS AND FOR A TWELTH CAUSE OF ACTION
### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION –
### 42 U.S.C. SECTION 1983 (CONTINUED FAMILY RELATIONS)

45. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

46. As the proximate result of the Defendant's acts and/or omissions, Plaintiff Ms.

Sanchez has been deprived of her right to enjoy continuing family relations with

Mr. Sanchez as protected by the Fourteenth Amendment to the United States

Constitution.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION –
### 42 U.S.C. SECTION 1983 (DUE PROCESS)

47. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

48. As the proximate result of the Defendant's acts and/or omissions, Plaintiff(s) have

been deprived of their right to due process as protected by the Fourteenth

Amendment to the United States Constitution.

### AS AND FOR A FOURTEEN CAUSE OF ACTION - MUNICIPAL
### LIABILITY FOR CONSTITUTIONAL VIOLATIONS – MONELL CLAIM
### AGAINST THE CITY OF NEW YORK AND THE STATE OF NEW YORK –
### 42 U.S.C. SECTION 1983

49. Plaintiff(s) now re-allege each and every allegation as set forth above, and hereby

incorporate the same by reference, as if all were set forth fully herein.

50. The City of New York and the State of New York directly caused the Constitutional violations suffered by Plaintiff(s), and are liable for the damages suffered by Plaintiff(s) as a result of the conduct of the Defendant officers.

51. The conduct of the Defendant officers was a direct consequence of policies and practices of the City of New York and the State of New York.

52. At all times relevant to the Complaint the City of New York and the State of New York had in place policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual Defendants and were the direct and proximate cause of the damages and injuries complained of herein.

53. At all times relevant to the Complaint the City of New York and the State of New York had in place policies, practices and customs that condoned and fostered the failure of individual police and parole officers to properly investigate and properly revoke parole for violations thereof, and to properly execute on warrants for those whose parole had been revoked.

54. The wrongful polices, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of policymakers of the City of New York and the State of New York to the Constitutional rights of persons within the City and the State of New York, and were the direct and proximate cause of the violations of Plaintiff's rights herein.

## PLAINTIFF(S) DEMAND A TRIAL BY JURY

55. Plaintiff(s) hereby demand a trial by jury in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff(s) pray for judgment against Defendant(s) and asks this Court to:

1.  Award the Plaintiff(s) damages in an amount to be determined at trial.

2.  Award the Plaintiff(s) injunctive relief as described above.

3.  Award the Plaintiff(s) attorney's fees, disbursements, costs, and interest; and

4.  Grant the Plaintiff(s) such other and further relief as the Court may deem just and proper.

December 18, 2015

J.A. Sanchez
The Law Office of J.A. Sanchez-Dorta, P.C.
225 Broadway
Suite 1901
New York, NY 10007
(646) 657-5345
(646) 390-3214 (fax)

Counsel for Plaintiff(s)

## VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK

MARIS SANCHEZ, being duly sworn, deposes and says:

I am a Plaintiff in the within action.

I have read (or have read to me) the foregoing Complaint and know the contents thereof.

That same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

MARIS SANCHEZ

Sworn to before me this

17th day of December, 2015

NOTARY PUBLIC

JACQUELINE CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CR 4926317
Qualified in Westchester County
My Commission Expires  1.1.2018